**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 19 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEDRO BACA MAYA,<br><br>       Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>       Respondent. | No.   15-72136<br><br>Agency No. A205-921-264<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2022[**]

Before:    SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

Pedro Baca Maya, a native and citizen of Mexico, petitions pro se for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal and relief under the Convention Against Torture ("CAT"). Our

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that the harm Baca Maya suffered did not rise to the level of persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (threats alone rarely constitute persecution); *Kohli v. Gonzales*, 473 F.3d 1061, 1070 (9th Cir. 2007) (persecution "is an extreme concept that does not include every sort of treatment our society regards as offensive" (internal quotation marks and citation omitted)). Substantial evidence also supports the agency's conclusion that Baca Maya failed to establish an objectively reasonable fear of future persecution in Mexico. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). Thus, Baca Maya's asylum claim fails.

In this case, because Baca Maya failed to establish eligibility for asylum, he failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's denial of CAT relief because Baca Maya failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of

torture).

To the extent Baca Maya raises a new claim based on fear of criminal recruitment of his oldest son, we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). We also lack jurisdiction to consider Baca Maya's contentions that the immigration judge insufficiently reviewed evidence, or that his attorney provided ineffective assistance of counsel. *See id*.; *see also Puga v. Chertoff*, 488 F.3d 812, 815-16 (9th Cir. 2007) (ineffective assistance of counsel claim required exhaustion before the agency by filing a motion to reopen).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**